Joe R. O'HERN, Appellant,

v.

The SCHOOL DISTRICT OF SPRING-FIELD R–12, Mrs. John D. Bentley, Dr. M. D. Bonebrake, Jack Cole, Theodore C. Salveter, William V. Turner, and J. E. Kuklenski, Appellees.

No. 77–1412.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1977.

Decided July 6, 1978.

Robert M. Weinberg, Washington, D. C. (argued), Michael H. Gottesman, Washington, D. C., Samuel F. Hamra, Jr., and David R. Fielder, Springfield, Mo., David Rubin, Washington, D. C., on brief, for appellant.

Kenneth T. Walter (argued), of Mann, Walter, Burkart, Weathers & Warden, Springfield, Mo., on brief, for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an action in three counts brought by Joe R. O'Hern against the School District of Springfield, Missouri, R–12, the Superintendent and Board of Education of Springfield R–12, and the individual board members. Count I, brought under 42 U.S.C. §§ 1981 and 1983 and the Fourteenth Amendment, was based on plaintiff's allegation that his teaching contract with the district was not renewed because of his exercise of First Amendment rights. In Counts II and III plaintiff alleged that the school board's failure to renew his teaching contract for the 1975–76 school year was in violation of Missouri law. The district court dismissed Count I against the school board and the board members in their official capacity, finding that the school district was not a "person" under 42 U.S.C. § 1983. The district court also held that no claim

for damages could be implied from the alleged violation of the Fourteenth Amendment.[1] After dismissing Count I, the court refused to exercise its pendent jurisdiction to hear the state claims asserted in Counts II and III. A final judgment with regard to those orders was entered pursuant to Federal Rule of Civil Procedure 54(b), and plaintiff appeals from that judgment.

On June 6, 1978, the Supreme Court decided the precise issue that is now before us. In *Monell v. Department of Social Services of New York*, —— U.S. ——, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Court held that a school board and its members acting in their official capacity were subject to suit under 42 U.S.C. § 1983. Therefore, the judgment of the district court on Count I is vacated and remanded for further consideration in light of *Monell*. In view of our action it is not necessary to pass on plaintiff's asserted claim under the Fourteenth Amendment. However, due to the reinstatement of plaintiff's § 1983 claim against the board and the board members, we vacate the dismissal of Counts II and III. In doing so we do not pass upon the validity of the district court's action in dismissing Counts II and III; we merely reinstate those counts to allow the court to reconsider the propriety of exercising pendent jurisdiction over those matters in light of the reinstated federal claim under Count I.

The judgment of the district court is vacated and the cause remanded for proceedings consistent with this opinion.

---

1. The district court also determined that plaintiff had failed to state a claim under § 1981; plaintiff has not appealed from that ruling.